UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
TRUSTEES FOR THE MASON TENDERS :
DISTRICT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND, AND :
TRAINING PROGRAM FUND, et al., : 18-CV-2797 (VSB)
:
Petitioners, : **OPINION & ORDER**
:
-v- :
:
IBEX CONSTRUCTION, LLC, :
:
Respondent. :
:
------------------------------------------------------------X

Appearance:

Haluk Savci
Mason Tenders District Council of Greater NY
New York, New York
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

      Before me is the petition of the Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York (the "Union") to confirm and enforce an arbitration award against IBEX Construction, LLC (the "Company") pursuant to § 301(c) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed.

**I.     Background and Procedural History**[1]

The Funds are employee benefit plans that "provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the [U]nion." (Pet. ¶ 1.)  Each of the Funds is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Trust Agreements"). (*Id.*)  At all relevant times, the Company and the Union were party to the MTDC Master Independent Collective Bargaining Agreement (the "CBA"). (*Id.* ¶ 6.)  The CBA establishes the terms and conditions of employment for all bargaining unit employees of the Company and requires the Company to pay certain contributions to the Funds for all employees covered by the CBA. (*Id.* ¶ 7.)  Under the CBA, the Company also agreed to be bound by the terms of the Trust Agreements. (*Id.* ¶ 11.)  The CBA and Trust Agreements permit the trustees of the Funds to take any legal action for the purpose of collecting unpaid benefits from the Company, including through the commencement of arbitration. (*Id.* ¶ 9.)

In 2016, the Company failed to make fringe benefit and other contributions pursuant to the CBA for the period May 1, 2016 through September 30, 2016; for the period October 1, 2016 through November 30, 2016; and for interest on late payments made for the period October 1, 2015 through April 30, 2016. (*Id.* ¶ 16.)  On December 14, 2016, the Funds sent a Notice and Demand for Arbitration to the Company, and the arbitrator scheduled the arbitration hearing for January 13, 2017. (*See* Savci Decl. ¶ 18.)[2]  The Company requested an adjournment of the

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 5), and the supporting evidence submitted by Petitioners, including the opinion and award of Arbitrator Joseph Harris in this matter (the "Award"), (*see id.* Ex. 1).

[2] "Savci Decl." refers to the Declaration of Haluk Savci, Esq. in support of the Petition, dated May 3, 2018.  (Doc. 11.)

2

hearing, which the arbitrator granted. (*Id.*) On January 24, 2017, the Funds mailed the Company an Amended Notice and Demand for Arbitration and the arbitrator set a new hearing date for February 9, 2017. (*Id.*) Due to inclement weather, the arbitrator adjourned the matter and subsequently sent a notice of arbitration by electronic mail, scheduling the hearing for March 20, 2017. (*Id.*)

On March 20, 2017, the arbitrator convened the arbitration hearing. (Pet. ¶ 17.) No one from the Company appeared at the arbitration hearing. (*Id.*) During the hearing, the Funds submitted evidence in support of their claim, including shop steward reports showing hours worked by Company employees for the period May 1, 2016 through September 30, 2016, indicating that at a minimum the Company owed the Funds $44,972.82 in fringe benefit contributions, $7,201.53 in delinquent dues, and $1,209.92 in current interest. (*Id.*) The Funds also submitted shop steward reports documenting the hours worked by Company employees for the period October 1, 2016 through November 30, 2016, indicating that at a minimum the Company owed the Funds $16,358.76 in fringe benefit contributions, $2,619.54 in delinquent dues, and $305.60 in current interest. (*Id.*) The Funds also submitted evidence of interest owed on late contributions made for the period October 1, 2015 through April 30, 2016, totaling $3,945.35. (*Id.*)

On April 15, 2017 the arbitrator issued his Award ordering the Company to pay the Funds a total of $81,644.56, comprising delinquent contributions, dues, current and past interest, liquidated damages, attorney fees, and arbitration costs. (*Id.*) A notation on the Award indicates that it was "[s]ent by email to the Defendant and the Funds." (*See id.* Ex. 1 at 3.) Since the issuance of the Award, no payments have been made by the Company or any other party to Petitioners. (*Id.* ¶ 18.)

Petitioners commenced this action by filing the Petition on April 3, 2018. (Doc. 5.) On April 4, 2018, I entered a scheduling order directing Petitioners to file and serve any additional materials in support of the Petition by May 4, 2018, Respondent to serve any opposition by June 1, 2018, and Petitioners to file any reply by June 15, 2018. (Doc. 8.) Service of the Petition was effected on April 17, 2018. (*See* Doc. 10.) On May 3, 2018, Petitioners timely filed a memorandum of law in support of the Petition and Declaration of Haluk Savci, Esq., with exhibits. (Docs. 11–12.) To date, Respondent has not answered the Petition or otherwise appeared in this case.

## II. **Legal Standards**

### A. *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective

bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks omitted). Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

### B.     *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id.*

### III. Discussion

#### A. *Confirmation of the Award*

I have reviewed the Petition, Haluk Declaration, (Docs. 11–12), and the Award and find that no genuine issues of material fact exist in this case. Furthermore, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or Trust Agreements or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the arbitrator based his award on undisputed evidence that the Company failed to make certain benefit contributions to the Funds, in violation of the CBA. The record also demonstrates that the arbitrator based his award of interest and various costs on the provisions of the CBA and related agreements. Accordingly, Petitioners' motion is granted and the Award is confirmed. *See, e.g.*, *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-01925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA § 301 where respondent did not oppose petition and record supported arbitrator's findings).

#### B. *Post-Judgment Interest*

Petitioners also seek to recover post-judgment interest. (*See* Pet. ¶ 18.) "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018). Accordingly,

Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.

IV. **Conclusion**

For the foregoing reasons, Petitioners' motion is GRANTED. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $81,644.56, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 28, 2019
    New York, New York

Vernon S. Broderick
United States District Judge